AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 21 2026
AT_____O'CLOCK___
John M. Domurad, Clerk - Albany

# United States District Court
## Northern District of New York

United States of America

V.

Stacey Taylor

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 8:25-CR-393

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)    The defendant must not commit any offense in violation of federal, state, or local law while on release in the case.

(2)    The defendant must cooperate in the collection of a DNA sample if such collection is authorized by 34 U.S.C. § 40702.

(3)    The defendant must timely advise the Court or Pretrial Services in writing before making any change of residence or telephone number.

(4)    The defendant must appear at all proceedings as required and, if convicted, must surrender for service of any sentence imposed as directed. The defendant must next appear at

_____ on _____.
           place                                     date and time

If blank, defendant will be notified of next appearance.

### Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(  )    (5)    The defendant must sign an Appearance Bond. If ordered to do so, the defendant must provide the Court with the following indicia of ownership of the property posted, or the following amount or percentage of the such property:

(  )    (6)    The defendant is placed in the custody of:

Name of person or organization: _____

Address: _____

Telephone No.: _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the Court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____    _____
                                  Custodian or Proxy           Date

**Additional Conditions of Release (continued)**

(✓) (7) The defendant must:

   (✓) (a) Report to Pretrial Services within 24 hours of release, telephone number <u>(315) 234-8700 / (518) 257-1700</u>, and as directed thereafter.

   (✓) (b) Allow a probation officer to visit at any time at the defendant's home or elsewhere, and must permit confiscation of any contraband observed in plain view of the probation officer.

   (✓) (c) Refrain from possessing a firearm, destructive device, or other dangerous weapon.

   ( ) (d) Execute a bail bond with solvent securities in the amount of $

   (✓) (e) Maintain or actively seek employment.

   ( ) (f) Maintain or commence an educational program.

   (✓) (g) Surrender any passport to: **The Clerk of the Court**[1].

   (✓) (h) Obtain no passport or other international travel documents.

   (✓) (i) Restrict travel to the Northern District of New York unless approved by Pretrial Services or the Court.

   (✓) (j) Remain at an authorized address as approved by Pretrial Services or the Court.

   (✓) (k) Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.

   ( ) (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

   (✓) (m) Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court.

   ( ) (n) Return to custody each (week)day as of  after being released each (week)day as of  for employment, schooling, or the following limited purpose(s): .

   ( ) (o) Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.

   (✓) (p) Refrain from any consumption of alcohol.

   (✓) (q) Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.

   (✓) (r) Submit to any method of testing required by Pretrial Services or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any other form of prohibited substance screening or testing.

   (✓) (s) Participate in and successfully complete a program of outpatient or inpatient substance abuse treatment and counseling. Outpatient treatment may be approved by Pretrial Services or the Court. Inpatient substance abuse treatment must be approved by the Court.

   (✓) (t) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing, and/or computer or electronic monitoring which is (are) required as a condition(s) of release.

   (✓) (u) Participate in one of the following monitoring or location restriction programs and abide by all the requirements of the program. The defendant must pay all or part of the cost of the program as determined by Pretrial Services based upon ability to pay.

      (✓) (i) **Curfew.** The defendant is restricted to the defendant's residence every day from <u>**as directed by Pretrial Services or the Court**</u> to , subject to modifications by Pretrial Services.

      ( ) (ii) **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.

      ( ) (iii) **Home Incarceration.** The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.

      ( ) (iv) **Stand Alone Monitoring.** The defendant has no residential curfew, home detention, or home incarceration restrictions. However, the defendant must comply with the location or travel restrictions as imposed by the court. Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

   (✓) (v) Submit to the following location monitoring technology and comply with its requirements as directed:

      (✓) (i) Location monitoring technology as directed by Pretrial Services or the supervising officer; or

      ( ) (ii) Voice Recognition; or

      ( ) (iii) Radio Frequency; or

      ( ) (iv) GPS

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be return to the defendant if the case is dismissed.

(✓) (w) Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ) (x) Not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).

(✓) (sc.1) The defendant must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount deemed reasonable according to the sliding scale co-payment schedule approved by the Court and utilized by Pretrial Services. The defendant must also cooperate with securing any available third party payments as directed.

( ) (sc.2) The defendant must not use or possess a computer, data storage device, or any internet capable device without the approval of Pretrial Services or the Court.

( ) (sc.3) The defendant must not use or possess any computer, cell phone, data storage device, cloud storage, or any other internet-capable device (computer equipment) unless he/she participates in the Internet and Computer Management Program (ICMP). When placed in the ICMP, the defendant must comply with all the rules of the program and pay any costs associated with the program. Pretrial Services may use and/or install any hardware or software system that is needed to monitor the defendant's use of computer equipment. The defendant must permit Pretrial Services to conduct periodic, unannounced examinations of any computer equipment he/she uses or possesses. This equipment may be removed by Pretrial Services or their designee for a more thorough examination. The defendant must provide any usernames, pin codes, passwords or other credentials used to access any devices or cloud storage he/she uses or possesses. The defendant's internet use may be limited and/or restricted in accordance with the ICMP based upon an evaluation of his/her risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a). Failure to abide by the rules of the ICMP may result in immediate adverse action, to include, but not limited to, revocation of supervision.

( ) (sc.4) The defendant must not frequent places where persons under the age of 18 are likely to congregate. This shall include, but is not limited to, schools, parks, and arcades, unless it is approved by Pretrial Services or the Court.

( ) (sc.5) The defendant must not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by Pretrial Services or the Court. The defendant must not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court. The defendant must reasonably avoid and remove himself/herself from situations in which he/she has any other form of contact with a minor. While this condition would not be violated by unintended, incidental contact with a minor in a public space, any significant personal interaction with a minor, even if unintended or incidental, should be reported to Pretrial Services within 72 hours.

( ) (sc.6) The defendant must not subscribe to or use any internet services at any location without the approval of Pretrial Services or the Court. Telephone bills, credit card bills and service agreements must be provided upon the request of Pretrial Services or the Court.

( ) (sc.7) The defendant must not utilize any internet site directly or through another person unless it is approved by Pretrial Services or the Court.

( ) (sc.8) The defendant must participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders. The program shall be approved by Pretrial Services.

☒ (sc.9) Upon release from custody, immediately enter inpatient treatment at St. Joseph's Addiction Treatment & Recover Center and remain at such facility until successfully discharged. The defendant shall comply with the rules of the facility and any aftercare recommendations, which may include residing in a sober living facility.

( )

**Advice of Penalties and Sanctions**

TO THE DEFENDANT:

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

(4)    a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgement of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

*stacey Macey*
stacey Macey (Jan 21, 2026 14:02:53 EST)
_____
Signature of Defendant

_____
City and State

**Directions to United States Marshal**

(✓) The defendant is ORDERED released after processing.

( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 01/21/2026
_____

*Paul J. Evangelista*
Paul J. Evangelista (Jan 21, 2026 14:18:25 EST)
_____
Hon. Paul J. Evangelista
U.S. Magistrate Judge

# Proposed_Order

Final Audit Report

2026-01-21

| | |
|---|---|
| Created: | 2026-01-21 (Eastern Standard Time) |
| By: | NYN DC (erequests@nynd.uscourts.gov) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAhCqJnx62S0R1QIlpIATD7ZgmsJfgL5OK |

## "Proposed_Order" History

📄 Document created by NYN DC (erequests@nynd.uscourts.gov)
2026-01-21 - 12:42:10 PM EST- IP address: 199.107.16.121

✉ Document emailed to defendants@nynd.uscourts.gov for signature
2026-01-21 - 12:44:37 PM EST

📄 Email viewed by defendants@nynd.uscourts.gov
2026-01-21 - 1:40:51 PM EST- IP address: 104.47.64.254

✍ Signer defendants@nynd.uscourts.gov entered name at signing as stacey Macey
2026-01-21 - 2:02:51 PM EST- IP address: 199.107.16.121

✍ Document e-signed by stacey Macey (defendants@nynd.uscourts.gov)
Signature Date: 2026-01-21 - 2:02:53 PM EST - Time Source: server- IP address: 199.107.16.121

✉ Document emailed to paul_evangelista@nynd.uscourts.gov for signature
2026-01-21 - 2:02:55 PM EST

📄 Email viewed by paul_evangelista@nynd.uscourts.gov
2026-01-21 - 2:13:53 PM EST- IP address: 199.107.16.121

✍ Signer paul_evangelista@nynd.uscourts.gov entered name at signing as Paul J. Evangelista
2026-01-21 - 2:16:23 PM EST- IP address: 199.107.16.121

✍ Document e-signed by Paul J. Evangelista (paul_evangelista@nynd.uscourts.gov)
Signature Date: 2026-01-21 - 2:16:25 PM EST - Time Source: server- IP address: 199.107.16.121

✅ Agreement completed.
2026-01-21 - 2:16:25 PM EST

 Powered by
Adobe
Acrobat Sign