**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

      **vs.**

Stacey Taylor

**DECLARATION**
**Docket: 0206 8:25CR00393-001**
**Warrant Requested**

Honorable Paul J. Evangelista, U.S. Magistrate Judge
NORTHERN DISTRICT OF NEW YORK

Shane Avery declares that he is a Senior United States Probation Officer and that:

On December 1, 2025, Stacey Taylor appeared before U.S. Magistrate Judge Paul J. Evangelista for an initial appearance following her arrest for Conspiracy to Commit Alien Smuggling and Alien Smuggling. Taylor was ordered detained pending a detention hearing scheduled for December 3, 2025; that hearing was adjourned at request of defense counsel. On January 21, 2026, Taylor appeared before the Court for a detention hearing and she was ordered released upon admittance into inpatient substance abuse treatment, with pretrial release conditions including electronic monitoring with curfew following her successful completion of treatment.   On January 27, 2026, Taylor was released from jail and entered inpatient at St. Joseph's Addiction Treatment and Recovery Center (SJATRC).

On June 17, 2026, the U.S. Probation Office submitted a Declaration and request for summons due to ongoing noncompliance demonstrated by the defendant that included the use of crack cocaine, failure to comply with location monitoring (curfew), and failure to comply with inpatient substance abuse aftercare recommendations. The Court signed the Declaration and scheduled a Bond Revocation Hearing for June 24, 2026.

On June 24, 2026, Taylor appeared before U.S. Magistrate Judge Paul J. Evangelista for a Bond Revocation Hearing and admitted to the allegations outlined in the Declaration. The Court admonished Taylor for her poor behavior and continued her on the same conditions previously set by the Court.

A Jury Trial is scheduled for July 27, 2026, before U.S. District Judge Elizabeth C. Coombe.

On June 29, 2026, Taylor reported to the U.S. Probation Office for a random drug test and provided a sample that tested positive for cocaine on an instant drug testing device. The probation office asked Taylor if she used any cocaine and she denied any use of cocaine. The sample was packaged and sent for laboratory analysis.

On July 1, 2026, the probation office was informed by Taylor's substance abuse counselor at Champlain Valley Family Center that on June 29, 2026, Taylor reported to the center after her drug test at the probation office and submitted to an observed drug screen that yielded negative

results for illicit substances. The counselor said that Taylor informed her counselor of the positive drug test at the probation office and denied any use of cocaine.

On July 5, 2026, the probation office received confirmation from the laboratory that Taylor's sample from June 29, 2026, was determined by laboratory analysis to be positive for cocaine.

On July 7, 2026, Taylor reported to the probation office and was informed of the laboratory result that confirmed her sample was positive for cocaine. Taylor became emotional and denied the use of cocaine and reported continued sobriety for more than one month. In addition, she reported attending her weekly substance abuse treatment sessions and that she would officially start mental health therapy in the coming week.

In response to Taylor's continued use of cocaine and her lack of accountability surrounding her use, this office requests a warrant be issued and that the defendant remain detained pending trial.

| Condition Number | Nature of Noncompliance |
| --- | --- |
| 7(q) | **Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. § 802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.**<br><br>On June 29, 2026, Taylor submitted a urine sample that tested positive for cocaine on an instant drug testing device and was subsequently confirmed positive for cocaine by laboratory analysis.<br><br>*This information is based on knowledge of the probation officer and drug testing paperwork.* |

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Approved by:                                                    Submitted by:


Jennifer Belli
Supervisory U.S. Probation Officer

Shane D. Avery
U.S. Probation Officer

## THE COURT ORDERS

☐      No Action

☐      The Issuance of a Summons

☐      Other

☒      The Issuance of a Warrant. This petition and all documents attached hereto are SEALED until such time as the warrant generated by this petition is returned executed.

     The District Court Clerk's Office is hereby ORDERED <u>NOT</u> to serve a copy of this petition or any of the attached documents upon anyone EXCEPT that a copy is to be served upon law enforcement personnel. Copies shall be served upon on the unsealing of the petition.

_____           ___7/13/2026_____

Honorable Paul J. Evangelista                                        Date

U.S. Magistrate Judge